1

CHIEF JUDGE MARSHA J. PECHMAN

2

3

4

5

6

7              UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
8                      AT SEATTLE

9   ALEXANDRA CARR, an individual, on her    )
    own behalf, on behalf of THE KAISER      )   Case No. 2:15-cv-1105 MJP
10  ALUMINUM FABRICATED PRODUCTS             )
    LLC MEDICAL CHOICE PLUS HOURLY           )   **UNITEDHEALTHCARE SERVICES,**
11  ACTIVE UNION PLAN and on behalf of       )   **INC.'S MOTION FOR JUDGMENT**
    similarly situated individuals,          )   **ON THE PLEADINGS OR, IN THE**
12                                           )   **ALTERNATIVE, TO COMPEL**
                              Plaintiff,     )   **JOINDER OF A NECESSARY**
13                                           )   **PARTY**
                                             )
14         v.                                )   **NOTE ON MOTION CALENDAR:**
                                             )   **FEBRUARY 5, 2016**
15  UNITED HEALTHCARE SERVICES, INC.,        )
    a Delaware corporation,                  )
16                                           )
                              Defendant.     )
17  _____ )

18

19

20

21

22

23

24

25

26

27

UHC'S MOTION FOR JUDGMENT ON THE PLEADINGS OR,
ALTERNATIVELY, COMPULSORY JOINDER
CASE NO. 2:15-cv-1105 MJP
115616.0043/6443634.4

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

## TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................ 1

II.     PLEADED FACTS ......................................................................................... 2
        A.      The Kaiser Plan and Visit Limits Term ............................................... 2
        B.      Carr's Claim and Class Allegations ..................................................... 3

III.    KAISER ALUMINUM HAS ADMINISTERED THE PLAN  AS EXEMPT
        FROM THE MHPAEA ................................................................................... 4

IV.     CARR'S CLAIMS AGAINST UHC MUST BE DISMISSED ....................................... 5
        A.      Standard of Review on Motion for Judgment on the Pleadings ........................... 5
        B.      Carr's Claims Must Be Dismissed Because UHC Exercised No
                Discretion When It Denied Her Request For Coverage Pursuant To The
                Plan's Visit Limits Term. ..................................................................... 6
        C.      Carr's Claims Against UHC Must Be Dismissed Because Claims
                Administrators Have No Fiduciary Duties With Respect To Plan Design. ......... 9
        D.      Carr's Claims Against UHC Must Be Dismissed Because She Does Not
                Plausibly Allege That UHC Breached A Fiduciary Duty In Failing To
                Ignore The Plan's Non-Discretionary Visit Limits Term ................................... 10

V.      KAISER ALUMINUM IS A NECESSARY PARTY ........................................... 13
        A.      No Complete Relief Without Joinder Of Kaiser Aluminum. ........................... 14
        B.      Kaiser Aluminum's Joinder Is Necessary To Protect Its And UHC's
                Interests ............................................................................................... 15

VI.     CONCLUSION .............................................................................................. 17

UHC'S MOTION FOR JUDGMENT ON THE PLEADINGS OR,
ALTERNATIVELY, COMPULSORY JOINDER - i
CASE NO. 2:15-cv-1105 MJP
115616.0043/6443634.4

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Anderson v. Sun Life Assurance Co. of Canada*,
  No. CV-12-00145-TUC-CKJ, 2013 WL 6076547 (D. Ariz. Nov. 19, 2013) ...................... 6

*Arizona State Carpenters Pension Trust Fund v. Citibank*,
  125 F.3d 715 (9th Cir. 1997) ................................................................................................. 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .............................................................................................................. 6

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1990) ................................................................................................ 6

*Barron v. Ashland, Inc.*,
  No. CV 10-01301 SJO, 2011 WL 5024590 (C.D. Cal. Oct. 21, 2011) ................................. 6

*Camara v. Dell Inc.*,
  2014 WL 2767359 (W.D. Tex. June 17, 2014) ................................................................... 10

*Camara v. Dell Inc.*,
  2014 WL 960897 (W.D. Tex. Feb. 26, 2014) ............................................................... 11, 12

*Cement & Concrete Workers Dist. Council Pension Fund v. Ulico Cas. Co.*,
  387 F. Supp. 2d 175 (E.D.N.Y. 2005), *aff'd*, 199 Fed. Appx. 29 (2d Cir. 2006) ................ 11

*Cent. States, Se. & Sw. Areas Pension Fund v. Central Transp., Inc.*,
  472 U.S. 559 (1985) ............................................................................................................ 10

*Cohen v. Blue Cross Blue Shield of Ill.*,
  No. 11-7270, 2012 WL 1207275 (D. N.J. Apr. 11, 2012) ..................................................... 2

*Coleman v. Nationwide Ins. Co.*,
  969 F.2d 54 (4th Cir. 1992) .................................................................................................. 8

*Cotton v. Massachusetts Mut. Life Ins. Co.*,
  402 F.3d 1267 (11th Cir. 2005) ............................................................................................ 8

*Cox v. Allin Corp. Plan*,
  No. C12-5880 SBA, 2013 WL 1832647 (N.D. Cal. May 1, 2013) ....................................... 7

*Cuevas v. Joint Benefit Trust*,
  2013 WL 3578496 (N.D. Cal. July 12, 2013) ............................................................... 13, 14

UHC'S MOTION FOR JUDGMENT ON THE PLEADINGS OR,
ALTERNATIVELY, COMPULSORY JOINDER - ii
CASE NO. 2:15-cv-1105 MJP
115616.0043/6443634.4

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

*Cyr v. Reliance Standard Life Ins. Co.*,
    642 F.3d 1202 (9th Cir. 2011) .................................................................................6

*Dawavendewa v. Salt River Project Agric. Improv. & Power Dist.*,
    276 F.3d 1150 (9th Cir. 2002) ...............................................................................15

*Disabled Rights Action Committee v. Las Vegas Events, Inc.*,
    375 F.3d 861 (9th Cir. 2004) .................................................................................13

*Dworkin v. Hustler Magazine Inc.*,
    867 F.2d 1188 (9th Cir. 1989) .................................................................................5

*Fifth Third Bancorp v. Dudenhoeffer*,
    134 S. Ct. 2459 (2014) ..........................................................................................10

*Forest Ambulatory Surg. Assocs. v. United Healthcare Ins. Co.*,
    No. 10-CV-04911-EJD, 2011 WL 2748724 (N.D. Cal. July 13, 2011) ...................6

*Garren v. John Hancock Mut. Life Ins. Co.*,
    114 F.3d 186 (11th Cir. 1997) .................................................................................7

*Hughes Aircraft v. Jacobson*,
    525 U.S. 432 (1999) .................................................................................................9

*In re JDS Uniphase Corp.*,
    No. C 03-04743 CW (WWS), 2005 WL 1662131 (N.D. Cal. July 14, 2005) ........7

*Johnson v. Buckley*,
    356 F.3d 1067 (9th Cir. 2004) .................................................................................7

*Johnson v. Georgia-Pacific Corp.*,
    19 F.3d 1184 (7th Cir. 1994) ...................................................................................8

*Kerns v. Benefit Trust Life Ins. Co.*,
    992 F.2d 214 (8th Cir. 1993) ...................................................................................8

*Kirschbaum v. Reliant Energy, Inc.*,
    526 F.3d 243 (5th Cir. 2008) ...........................................................................10, 11

*Klosterman v. Western Gen. Mgmt., Inc.*,
    32 F.3d 1119 (7th Cir. 1994) .................................................................................10

*Kyle Railways, Inc. v. Pac. Admin. Servs., Inc.*,
    990 F.2d 513 (9th Cir. 1993) ...................................................................................8

*Lampen v. Albert Trostel & Sons Co. Employee Welfare Plan*,
    832 F. Supp. 1287 (E.D. Wisc. 1993) .....................................................................8

UHC'S MOTION FOR JUDGMENT ON THE PLEADINGS OR,
ALTERNATIVELY, COMPULSORY JOINDER - iii
CASE NO. 2:15-cv-1105 MJP
115616.0043/6443634.4

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

*Langlois v. Metro. Life Ins. Co.*,
    833 F. Supp. 2d 1182 (C.D. Cal. 2014).................................................................2

*LifeCare Mgmt. Servs. v. Ins. Mgmt. Adminstrs. Inc.*,
    703 F.3d 835 (5th Cir. 2013).........................................................................7

*Lockheed Corp. v. Spink*,
    517 U.S. 882 (1996).....................................................................................9

*Lyon v. Chase Bank USA, N.A.*,
    656 F.3d 877 (9th Cir. 2011).........................................................................5

*Moore v. Lafayette Life Ins. Co.*,
    458 F.3d 416 (6th Cir. 2006).........................................................................7

*New York State Psychiatric Ass'n, Inc. v. UnitedHealth Group*,
    980 F. Supp. 2d 527 (S.D.N.Y. 2013), *aff'd in part and vacated in part*, 798 F.3d
    125 (2nd Cir. 2015) ....................................................................................15

*Omni Home Fin., Inc. v. Hartford Life and Annuity Ins. Co.*,
    No. 06cv0921 IEG (JMA), 2008 WL 1925248 (S.D. Cal. Apr. 29, 2008) ..........7

*Parrino v. FHP, Inc.*,
    146 F.3d 699 (9th Cir. 1998).........................................................................2

*Santana v. Deluxe Corp.*,
    920 F. Supp. 249 (D. Mass. 1994)................................................................10

*Sliwa v. Allied Home Mortg. Capital Corp.*,
    No. 2:13-cv-01443-APG-VCF, 2015 WL 56044 (D. Nev. Jan. 5, 2015) ............6

*Spinedex Physical Therapy, U.S.A., Inc. v. UnitedHealthcare of Arizona, Inc.*,
    770 F.3d 1282 (9th Cir. 2014).......................................................................6

*Steger v. Delta Airlines, Inc.*,
    382 F. Supp. 2d 382 (E.D.N.Y. 2005)...........................................................2

*Sypher v. Aetna Ins. Co.*,
    2014 WL 1230028 (E.D. Mich. Mar. 25, 2014)..............................................14

*Tibble v. Edison Int'l*,
    639 F. Supp. 2d 1074 (C.D. Cal. 2009)..........................................................7

*Tonasket v. Sargent*,
    830 F. Supp. 2d 1078 (E.D. Wash. 2011).......................................................4

*United States v. Bowen*,
    172 F.3d 682 (9th Cir. 1999).......................................................................13

UHC'S MOTION FOR JUDGMENT ON THE PLEADINGS OR,
ALTERNATIVELY, COMPULSORY JOINDER - iv
CASE NO. 2:15-cv-1105 MJP
115616.0043/6443634.4

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) ............................................................................ 2

*Varity Corp. v. Howe*,
   516 U.S. 489 (1996) ......................................................................................... 7

*Yellowstone County v. Pease*,
   96 F.3d 1169 (9th Cir. 1996) ...................................................................... 13, 14

**STATUTES**

29 U.S.C. § 1002(21)(a) ..................................................................................... 7

29 U.S.C. § 1104(a)(1)(D) ................................................................................ 10

29 U.S.C. § 1185a(a)(3) ...................................................................................... 9

Emergency Economic Stabilization Act of 2008
   P.L. 110–343, 122 Stat. 3765 (Oct. 3, 2008) ........................................... 12, 15

Employee Retirement Income Security Act of 1974 ("ERISA") .......................... passim

ERISA § 404(a)(1) ............................................................................................. 7

ERISA § 502(a)(3) ............................................................................................. 7

Mental Health Parity and Addiction Equity Act of 2008 ("MHPAEA") .................... 1

MHPAEA ................................................................................................... passim

**RULES AND REGULATIONS**

29 C.F.R. § 2509.75-8, D-2 ......................................................................... 8, 10

Fed. R. Civ. P. 12(b)(6) ................................................................................ 2, 4, 5

Fed. R. Civ. P. 12(b)(7) ..................................................................................... 13

Fed. R. Civ. P. 12(c) ..................................................................................... 1, 4, 5

Fed. R. Civ. P. 19 ............................................................................................... 4

Fed. R. Civ. P. 19(a) ..................................................................................... 1, 13

Fed. R. Civ. P. 19(a)(1) .................................................................................... 13

Fed. R. Civ. P. 19(a)(2) .................................................................................... 13

Fed. R. Civ. P. 19(a)(2)(i) & (ii) ....................................................................... 13

UHC'S MOTION FOR JUDGMENT ON THE PLEADINGS OR,
ALTERNATIVELY, COMPULSORY JOINDER - v
CASE NO. 2:15-cv-1105 MJP
115616.0043/6443634.4

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

Fed. R. Civ. P. 19(b) ................................................................................................. 13

**OTHER AUTHORITIES**

Charles A. Wright, Arthur R. Miller and Mary Kay Kane,
    Federal Practice and Procedure: Civil 3d. § 1359 (2004) ....................................... 4

UHC'S MOTION FOR JUDGMENT ON THE PLEADINGS OR,
ALTERNATIVELY, COMPULSORY JOINDER - vi
CASE NO. 2:15-cv-1105 MJP
115616.0043/6443634.4

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

## I.   INTRODUCTION

Defendant UnitedHealthCare Services, Inc. ("UHC") moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) or, in the alternative, to compel joinder of Kaiser Aluminum Fabricated Products LLC ("Kaiser Aluminum") as a necessary party under Rule 19(a).   Plaintiff Alexandra Carr ("Carr") is a beneficiary of the Kaiser Aluminum Fabricated Products LLC Medical Choice Plus Hourly Active Union Plan ("Kaiser Plan" or "Plan"), a self-funded group health plan for which UHC is the claims administrator. Carr alleges that UHC—but not the Plan's sponsor and administrator, Kaiser Aluminum— violated the federal Mental Health Parity and Addiction Equity Act of 2008 ("MHPAEA") and the Employee Retirement Income Security Act of 1974 ("ERISA") by limiting coverage for outpatient mental health service visits pursuant to an express provision of the Kaiser Plan.

Carr's allegations fail to state a claim against UHC.   A claims administrator is a proper defendant in an ERISA action only if it has discretion over benefits determinations and uses that discretion to deny the plaintiff's claim; an administrator that performs purely ministerial tasks in connection with a claim may not be liable, even if it is a plan fiduciary for other purposes.   Here, UHC exercised no discretion whatsoever; Carr's own allegations show that UHC denied Carr's claim based on the express and unambiguous visit limits identified in the Kaiser Plan.   Carr's real complaint is directed to the design and terms of the Kaiser Plan, for which UHC is not responsible.   Carr's claims against UHC should be dismissed with prejudice.

In the event this Court does not dismiss UHC with prejudice and/or dismisses the complaint with leave to amend, then the Court should order Carr to join Kaiser Aluminum to this action as necessary party-defendant.   Kaiser Aluminum's compulsory joinder is necessary because (1) Carr cannot obtain complete relief in its absence, and (2) Kaiser Aluminum has a unique defense to Carr's claim and, thus, it would prejudice both UHC and Kaiser Aluminum if UHC is forced to defend this action in Kaiser Aluminum's absence.

UHC'S MOTION FOR JUDGMENT ON THE PLEADINGS OR,
ALTERNATIVELY, COMPULSORY JOINDER - 1
CASE NO. 2:15-cv-1105 MJP
115616.0043/6443634.4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

## II.   PLEADED FACTS

### A.   The Kaiser Plan and Visit Limits Term

Carr is a daughter of an employee of Kaiser Aluminum and a beneficiary of the Kaiser Plan, a self-funded health plan that provides both medical/surgical and mental health benefits. Complaint ("Compl.") ¶¶ 1-2.  Although Carr's complaint levels its sights solely at UHC, the Kaiser Plan is central to her allegations and, thus, may be considered by the Court for purposes of UHC's motion for judgment on the pleadings.[1]  Carr ignores several key characteristics of the Plan.  First, the Plan identifies Kaiser Aluminum as Plan Sponsor and Plan Administrator with "the discretionary authority to interpret the Plan."  Sabo Decl., Ex. 3 (SPD), p. 111; Ex. 2 (Union Plan Document), pp. 101-102.  As the Plan's sponsor and administrator, and pursuant to its Collective Bargaining Agreement with the United Steelworkers of America ("Union"), Kaiser Aluminum is "solely responsible for:  enrollment and classification changes ...; the timely payment of Benefits; and notifying [members] of the termination or modification to the Plan."  *Id.*, Ex. 3 (SPD), p. 92; *see also* Ex. 1 (2010 CBA), pp. 91-92, Ex. 2 (Union Plan Document), pp. 99-102.

Second, the Kaiser Plan identifies UHC as a claims administrator, only responsible for "the day-to-day administration of the Plan's coverage as directed by the Plan Administrator." Id., Ex. 3 (SPD), p. 111; *see also Id.*, Ex. 1 (2010 CBA), p. 91; Ex. 2 (Union Plan Document),

---

[1] It is settled that, in the context of a motion to dismiss on the pleadings, courts should consider documents referenced in the complaint or upon which the plaintiff's allegations rely— even if not explicitly incorporated in the complaint.  *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (superseded by statute on other grounds).  Courts must treat any such document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  This includes ERISA "plan documents."  *See Steger v. Delta Airlines, Inc.*, 382 F. Supp. 2d 382, 385 (E.D.N.Y. 2005) (considering plan documents); *Cohen v. Blue Cross Blue Shield of Ill.*, No. 11-7270, 2012 WL 1207275, *2-3 & n.1 (D. N.J. Apr. 11, 2012) (same).  For the relevant period, the Collective Bargaining Agreement between Kaiser Aluminum and the United Steelworkers of America (the "2010 CBA"), the Employees' Group Insurance Program for Employees of Kaiser Aluminum Fabricated Products (the "Union Plan Document") and the Summary Plan Description ("SPD") together comprise the Kaiser Plan's governing plan documents.  *See* Declaration of Jayne Sabo ("Sabo Decl."), ¶ 10 & Exs. 1-3.  The terms of the SPD may set forth enforceable elements of the plan to the extent they do not conflict with the plan itself.  *Langlois v. Metro. Life Ins. Co.*, 833 F. Supp. 2d 1182, 1185-86 (C.D. Cal. 2014).

UHC'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, COMPULSORY JOINDER - 2
CASE NO. 2:15-cv-1105 MJP
115616.0043/6443634.4

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

1  pp. 1, 102. And, contrary to Carr's allegation that the "Kaiser Plan has delegated all coverage

2  decisions to UHC," *see* Compl. ¶ 3, the Plan actually provides that "Kaiser Aluminum … **and**

3  UnitedHealthcare have the sole and exclusive discretion to: interpret Benefits under the Plan;

4  interpret the other terms, conditions, limitations and exclusions of the Plan, including this SPD

5  and any Riders and/or Amendments; and make factual determinations related to the Plan and its

6  Benefits." Sabo Decl., Ex. 3 (SPD), p. 93 (emphasis added).

7        Third, the plan benefit at issue requires no interpretation or factual determination. For

8  in-network claims, the Kaiser Plan imposes the following visit limits on outpatient mental

9  health services: "1-20 visits paid at 100%, 21-40 paid at 50%" (the "Visit Limits Term"). *Id.*,

10  Ex. 3 (SPD), p. 18; Ex. 2 (Union Plan Document), p. 45 (Section 5.03(c)(16), fn. *) & p. 51

11  (Section 5.8). The Plan provides no coverage for in-network mental health services beyond 40

12  visits. *Id.* Carr alleges that "on information and belief, UHC drafted and proposed" the Visit

13  Limits Term, *see* Compl. ¶ 9, but only Kaiser Aluminum—in its capacity as Plan Sponsor and

14  Administrator—has authority to define or modify the Plan's benefits after negotiation and

15  agreement with the Union as reflected in the 2010 CBA; UHC only has authority to administer

16  the benefits that Kaiser Aluminum and the Union agree upon. Sabo Decl., Ex. 2 (Union Plan

17  Document) and Ex. 3 (SPD).

18  **B.    Carr's Claim and Class Allegations**

19        Carr claims the Visit Limits Term violates the MHPAEA, and therefore ERISA,

20  because "[o]utpatient medical and surgical services in the Kaiser Plan are not subject to the

21  same or similar quantitative visit limitations." Compl. ¶ 10. She alleges that, as a result, "she

22  has paid out-of-pocket for mental health services that would have been covered" and has

23  "forgone treatment because she has been unable to afford to pay for the full amount of mental

24  health services that she needs." *Id.* Carr seeks, among other things, "recovery of all losses,"

25  "a declaration of present and future rights to coverage," and an order enjoining UHC from

26  continuing to apply the Visit Limits Term. *See* Compl. ¶¶ 33, 36, 38-39.

27        Seeking to cast the net as wide as possible, the complaint names only UHC as a

UHC'S MOTION FOR JUDGMENT ON THE PLEADINGS OR,
ALTERNATIVELY, COMPULSORY JOINDER - 3
CASE NO. 2:15-cv-1105 MJP
115616.0043/6443634.4

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

defendant, and seeks certification of a "fail-safe" class of beneficiaries of any self-funded plan administered by UHC "in which the literal terms of the plan impose quantitative visit limitations on mental health services that are not imposed on substantially all medical and surgical services." Compl. ¶ 17. In other words, Carr's proposed class is not limited to beneficiaries of the Kaiser Plan affected by the Visit Limits Term allegedly applied to Carr; it could include beneficiaries of any self-funded ERISA plan administered by UHC anywhere in the United States—regardless of plan sponsor and, indeed, regardless of whether the plan even contains a provision identical or similar to the Kaiser Plan's Visit Limits Term.

### III.   KAISER ALUMINUM HAS ADMINISTERED THE PLAN AS EXEMPT FROM THE MHPAEA

The Kaiser Plan is just one of several self-funded health care plans sponsored by Kaiser Aluminum and its affiliates. Sabo Decl., ¶ 3.[2] Kaiser Aluminum is the plan sponsor and administrator for the Kaiser Plan; UHC serves as claims administrator only. *Id.*, ¶¶ 5 & 6. As the plan sponsor and administrator, Kaiser Aluminum—not UHC—is responsible for determining the type and level of health care benefits that are covered by the Kaiser Plan, which it can discontinue, alter or modify at any time and for any reason at its sole discretion. *Id.*, ¶ 11. For all benefits in the Kaiser Plan, Kaiser Aluminum has sole authority to determine the level of coverage, including authority to establish visit limits for outpatient mental health services. *Id.*, ¶¶ 12, 13. The Visit Limits Term was authorized by Kaiser Aluminum, not UHC. UHC, as claims administrator, simply processes claims for mental health services according to the Plan's terms as determined and authorized by Kaiser Aluminum. *Id.*

The Visit Limits Term is unique to the Kaiser Plan when compared to the other self-funded plans sponsored by Kaiser Aluminum and administered by UHC. Sabo Decl., ¶ 14. This is so because the Kaiser Plan is subject to the CBA between Kaiser Aluminum and the

---

[2] Unlike a Rule 12(c) or Rule 12(b)(6) motion to dismiss, to determine whether Rule 19 requires the joinder of additional parties, courts may consider declarations and other evidence outside the pleadings. *Tonasket v. Sargent*, 830 F. Supp. 2d 1078, 1081 (E.D. Wash. 2011) (citing *McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir. 1960)); Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure: Civil 3d. § 1359 at 68 (2004).

UHC'S MOTION FOR JUDGMENT ON THE PLEADINGS OR,
ALTERNATIVELY, COMPULSORY JOINDER - 4
CASE NO. 2:15-cv-1105 MJP
115616.0043/6443634.4

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Union. *Id.*, ¶ 4. The current CBA became effective on October 1, 2010 and is effective through September 30, 2015. *Id.*, ¶ 23 & Ex. 6. Based on the interpretation of the United States Department of Labor ("DOL") and advice of counsel, Kaiser Aluminum has administered the Kaiser Plan to be exempt from the MHPAEA's provisions until the plan year beginning at the end of the current CBA—January 1, 2016. *Id.*, ¶ 25.

In August 2014, Carr contacted the DOL to complain that the Kaiser Plan's Visit Limits Term violated the MHPAEA. Sabo Decl., ¶ 17. The DOL requested a copy of the Plan's SPD, which Kaiser Aluminum provided—noting: "If you find that our plan is not fully compliant with the [MHPAEA], we will take immediate steps to make the necessary corrections." *Id.*, ¶¶ 18, 19 & Ex. 4. The next day a DOL employee emailed Kaiser Aluminum, pointing out that the MHPAEA's effective date was delayed for certain health benefit plans subject to a CBA. Based on her understanding of the MHPAEA and rules, the DOL employee wrote:

> [T]he MHPAEA would not apply until the current CBA terminates in September 2015. If this is the case then the plan is in compliance with the MHPAEA.

*Id.*, ¶ 20 & Ex. 5. The same DOL employee later telephoned Kaiser Aluminum, stating that "she had spoken with one or more of her supervisors at the DOL and … that no changes were required to the [Kaiser Plan's] terms related to the quantitative visit limitations on outpatient mental health services to be compliant with the [MHPAEA] until January 1, 2016." *Id.*, ¶ 21.

## IV.   CARR'S CLAIMS AGAINST UHC MUST BE DISMISSED

### A.   Standard of Review on Motion for Judgment on the Pleadings

A judgment on the pleadings is properly granted when, taking the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011). The standard applicable to a Rule 12(c) motion is essentially the same as that applicable to a Rule 12(b)(6) motion to dismiss. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("Because the motions are functionally identical, the same standard of review applicable to a Fed.R.Civ.P. 12(b)(6) motion applies to its Fed.R.Civ.P. 12(c) analog."). "To survive a motion to dismiss, a

UHC'S MOTION FOR JUDGMENT ON THE PLEADINGS OR,
ALTERNATIVELY, COMPULSORY JOINDER - 5
CASE NO. 2:15-cv-1105 MJP
115616.0043/6443634.4

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 579 (2007)).   A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).   For the reasons explained below, Carr's pleadings fall short on both fronts.

**B.   Carr's Claims Must Be Dismissed Because UHC Exercised No Discretion When It Denied Her Request For Coverage Pursuant To The Plan's Visit Limits Term.**

Carr's claims must be dismissed because she does not and cannot plausibly allege that UHC exercised discretion in interpreting or applying the Plan's Visit Limits Term.   In *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1207 (9th Cir. 2011), the Court of Appeals held that liability under ERISA § 502(a)(1)(B) is not necessarily limited to an ERISA plan sponsor or administrator.   Courts have therefore recognized that § 502(a)(1)(B) actions may be permissible against other entities responsible for payment of benefits (*i.e.*, an insurer), as well as claims administrators and others who improperly deny benefits. *Spinedex Physical Therapy, U.S.A., Inc. v. UnitedHealthcare of Arizona, Inc.*, 770 F.3d 1282, 1297 (9th Cir. 2014); *Sliwa v. Allied Home Mortg. Capital Corp.*, No. 2:13-cv-01443-APG-VCF, 2015 WL 56044, *2 (D. Nev. Jan. 5, 2015); *Barron v. Ashland, Inc.*, No. CV 10-01301 SJO, 2011 WL 5024590, *9 (C.D. Cal. Oct. 21, 2011); *Forest Ambulatory Surg. Assocs. v. United Healthcare Ins. Co.*, No. 10-CV-04911-EJD, 2011 WL 2748724, *6 (N.D. Cal. July 13, 2011).   This authority, however, does not mean that a claims administrator is a proper defendant in every denial-of-benefit case.

At a minimum, the claims administrator must have actual authority over benefits determinations (*i.e.*, discretion to decide benefits) *and* must use that authority to deny the plaintiff's claim. *Spinedex*, 770 F.3d at 1298 (claims administrator could be liable only if it "exercise[d] any discretionary authority or discretionary control respecting management of [the] plan."); *Silwa*, 2015 WL 56044, at *2 ("non-plan entity must be individually responsible for denying or paying the plaintiff's benefits claim"); *Anderson v. Sun Life Assurance Co. of*

UHC'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, COMPULSORY JOINDER - 6
CASE NO. 2:15-cv-1105 MJP
115616.0043/6443634.4

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

1    *Canada*, No. CV-12-00145-TUC-CKJ, 2013 WL 6076547 (D. Ariz. Nov. 19, 2013) ("an entity

2    with no authority to resolve benefit claims or any responsibility to pay them is not a proper

3    defendant"); *Cox v. Allin Corp. Plan*, No. C 12-5880 SBA, 2013 WL 1832647, *4 (N.D. Cal.

4    May 1, 2013) (defendant must be "responsible for resolving and paying Plaintiff's benefit

5    claim"). The mere "performance of mechanical administrative tasks" is insufficient. *LifeCare*

6    *Mgmt. Servs. v. Ins. Mgmt. Adminstrs. Inc.*, 703 F.3d 835, 845 (5th Cir. 2013) (*citing Gomez-*

7    *Gonzales v. Rural Opportunities, Inc.*, 626 F.3d 654 (1st Cir. 2010)).[3]

8          Carr's fiduciary duty claims under ERISA §§ 404(a)(1) and 502(a)(3) are subject to a

9    nearly identical standard.[4]   An entity is a functional fiduciary only to the extent "(i) he

10    exercises any discretionary authority or discretionary control respecting management of such

11    plan or . . . (iii) has any discretionary authority or discretionary control responsibility in the

12    administration of such plan." 29 U.S.C. § 1002(21)(a). The phrase "with respect to" means

13    that "a party is a fiduciary only as to the activities which bring the person within the

14    definition." *Tibble v. Edison Int'l*, 639 F. Supp. 2d 1074, 1091 (C.D. Cal. 2009) (vacated on

15    other grounds) (internal quotation marks and citation omitted). In other words, "a court must

16    ask whether a person is a fiduciary ***with respect to the particular activity at issue***." *Id.*

17    (emphasis added); *In re JDS Uniphase Corp.*, No. C 03-04743 CW (WWS), 2005 WL 1662131

18    (N.D. Cal. July 14, 2005) (same); *Omni Home Fin., Inc. v. Hartford Life and Annuity Ins. Co.*,

---

[3] Other circuits likewise limit liability under ERISA § 502(a)(1)(B) to only those non-plan entities that exercise authority over the benefit decision at issue. *See LifeCare*, 703 F.3d at 844 ("We find the rationale and cases holding that a TPA may be held liable only if it exercises 'actual control' over the benefits claims process convincing."); *see also Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 438 (6th Cir. 2006); *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997).

[4] UHC does not concede that Carr has a cognizable claim for breach of fiduciary duty under ERISA § 502(a)(3). This "catchall" cause of action allows a plaintiff to obtain injunctive or other equitable relief if ERISA § 502(a)(1) would not otherwise provide an adequate remedy. *Varity Corp. v. Howe*, 516 U.S. 489, 512-15 (1996); *also Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) ("[W]hen relief is available under [§ 502(a)(1)], courts will not allow relief under [§ 502(a)(3)'s] 'catch-all provision.'"). For the reasons explained above, even if Carr did have a cognizable claim under § 502(a)(3), she has failed to adequately allege facts demonstrating a breach of fiduciary duty. In the event this case proceeds past the pleadings, and to the extent Carr's § 502(a)(3) claim proves to be nothing more than a repackaged denial-of-benefits claim under § 502(a)(1), UHC will seek dismissal of that claim.

UHC'S MOTION FOR JUDGMENT ON THE PLEADINGS OR,
ALTERNATIVELY, COMPULSORY JOINDER - 7
CASE NO. 2:15-cv-1105 MJP
115616.0043/6443634.4

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

No. 06cv0921 IEG (JMA), 2008 WL 1925248 (S.D. Cal. Apr. 29, 2008) (same).[5]

A claims administrator does not act as an ERISA fiduciary when it performs purely "ministerial" duties, even if it is a fiduciary for other purposes. *See Kyle Railways, Inc. v. Pac. Admin. Servs., Inc.*, 990 F.2d 513, 516-18 (9th Cir. 1993) ("[T]hird party administrators ... are not fiduciaries under ERISA when they merely perform ministerial duties or process claims."). This includes non-discretionary administrative functions dictated by the express terms of the plan. *See Arizona State Carpenters Pension Trust Fund v. Citibank*, 125 F.3d 715, 722-23 (9th Cir. 1997) (entity that performs "administrative functions within a framework of policies, rules, and procedures established by others is not an ERISA fiduciary"); *Lampen v. Albert Trostel & Sons Co. Employee Welfare Plan*, 832 F. Supp. 1287 (E.D. Wisc. 1993) ("A plan administrator may be a fiduciary under ERISA if it exercises discretion over the plan, but it is not a fiduciary when merely following the guidelines of the plan."); 29 C.F.R. § 2509.75-8, D-2 ("a person who performs purely ministerial functions ... within a framework of policies, interpretations, rules, practices and procedures made by other persons is not a fiduciary").

These standards require UHC's dismissal. Carr alleges that she would not have suffered any loss "but for" UHC's application of the Kaiser Plan's Visit Limits Term. Compl. ¶ 15. But UHC's application of the Term to Carr's claims was a purely ministerial function. The clear language of the Plan provides that for in-network mental health outpatient services, coverage is for "1-20 visits paid at 100%, 21-40 paid at 50%." Sabo Decl., Ex. 3 (SPD), p. 18; Ex. 2 (Union Plan Document), p. 45 (Section 5.03(c)(16), fn. *) & p. 51 (Section 5.8). There is nothing ambiguous about this language, which does not require interpretation or allow UHC to exercise discretion when imposing visit limits—and, critically, Carr does not allege that UHC reviewed her mental health condition or the medical appropriateness of her mental health

---

[5] Here, too, courts in other circuits recognize that a claims administrator may be a fiduciary for some functions, but not for others. *See also Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267 (11th Cir. 2005); *Johnson v. Georgia-Pacific Corp.*, 19 F.3d 1184, 1188 (7th Cir. 1994); *Kerns v. Benefit Trust Life Ins. Co.*, 992 F.2d 214, 216-17 (8th Cir. 1993); *Coleman v. Nationwide Ins. Co.*, 969 F.2d 54, 61 (4th Cir. 1992).

UHC'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, COMPULSORY JOINDER - 8
CASE NO. 2:15-cv-1105 MJP
115616.0043/6443634.4

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

services.  UHC could do nothing other than apply the Visit Limits Term to Carr's claims, which is what it did.[6]  Although Carr conclusorily alleges that "UHC exercises discretionary authority and control with respect to the administration of the Kaiser Plan," Compl. ¶ 3, she does not and cannot plausibly allege that UHC exercised any discretion *with respect to the particular activity at issue*, *i.e.*, denial of her claim based on the Plan's unambiguous Visit Limits Term. In the absence of any such allegation, UHC must be dismissed as a matter of law.

**C.    Carr's Claims Against UHC Must Be Dismissed Because Claims Administrators Have No Fiduciary Duties With Respect To Plan Design.**

Carr's complaint is really one of plan design, not claims administration—specifically, that the Kaiser Plan's Visit Limits Term violates the MHPAEA on its face.  But claims administrators have no responsibility for plan design and, even more importantly, plan design never implicates ERISA's fiduciary duties.  *See Hughes Aircraft v. Jacobson*, 525 U.S. 432, 444 (1999) ("ERISA's fiduciary duty requirement simply is not implicated where Hughes, acting as the Plan's settlor, makes a decision regarding the form or structure of the Plan such as who is entitled to receive Plan benefits and in what amounts, or how such benefits are calculated."); *Lockheed Corp. v. Spink*, 517 U.S. 882, 890 (1996) ("Because the defined functions in the definition of fiduciary do not include plan design, an employer may decide to amend an employee benefit plan without being subject to fiduciary review.") (citing *Siskind v. Sperry Retirement Program, Unisys*, 47 F.3d 498, 505 (1995)) (brackets omitted).

And even if plan design could implicate ERISA's fiduciary duties, the Kaiser Plan vests sole responsibility for that function in Kaiser Aluminum in accordance with the terms of the CBA—not UHC.  Nevertheless, Carr alleges "on information and belief" that UHC "drafted and proposed" the Visit Limits Term and, therefore, was somehow responsible for it.  Compl. ¶ 9.  This speculation is wrong, but even if it were true, it would not matter.  It is well-established that a claims administrator's recommendations and advice on plan design do not

---

[6] This is especially so regarding claims such as Carr's, seeking plan benefits that were allegedly denied in violation of the MHPAEA, which charges only the self-funded Kaiser Aluminum "plan"—not the plan's third-party claims administrator, UHC—with compliance. *See* 29 U.S.C. § 1185a(a)(3).

UHC'S MOTION FOR JUDGMENT ON THE PLEADINGS OR,
ALTERNATIVELY, COMPULSORY JOINDER - 9
CASE NO. 2:15-cv-1105 MJP
115616.0043/6443634.4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

give rise to a fiduciary duty under ERISA. *Klosterman v. Western Gen. Mgmt., Inc.*, 32 F.3d 1119, 1123-24 (7th Cir. 1994) (TPA was not ERISA fiduciary for role in making recommendations about and designing the plan); *see also Santana v. Deluxe Corp.*, 920 F. Supp. 249, 256 (D. Mass. 1994) (TPA not an ERISA fiduciary for giving advice to plan sponsor regarding plan design and legal requirements, including challenged plan provision); 29 C.F.R. § 2509.75–8, D-2 ("making recommendations to others for decisions with respect to plan administration" does not establish fiduciary status under ERISA). Kaiser Aluminum (and the Union) had the final say regarding the scope of benefits in the Kaiser Plan, including its Visit Limits Term—and Carr does not allege otherwise.

**D.   Carr's Claims Against UHC Must Be Dismissed Because She Does Not Plausibly Allege That UHC Breached A Fiduciary Duty In Failing To Ignore The Plan's Non-Discretionary Visit Limits Term.**

Nor can Carr claim that UHC had some duty to simply ignore the Plan's unambiguous Visit Limits Term. ERISA imposes various, sometimes conflicting, duties on plan fiduciaries. *Cf. Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459, 2465 (2014) ("congressional directives [in ERISA] … are in some tension with each other"). On the one hand, ERISA ordinarily requires plan fiduciaries to adhere to the literal terms of the plan. Yet, on the other, ERISA permits a plan fiduciary to deviate from those terms "insofar" as they conflict with ERISA's other provisions—such as the MHPAEA. 29 U.S.C. § 1104(a)(1)(D) (an ERISA "fiduciary shall discharge his duties … in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter"); *accord Cent. States, Se. & Sw. Areas Pension Fund v. Central Transp., Inc.*, 472 U.S. 559, 568 (1985).

This tension can put fiduciaries "between a rock and a hard place." *Dudenhoeffer*, 134 S. Ct. at 2470; *Kirschbaum v. Reliant Energy, Inc.*, 526 F.3d 243, 256 & n. 13 (5th Cir. 2008) ("a fiduciary who scraps plan requirements is just as apt to be sued as if he had enforced them"); *Camara v. Dell Inc.*, 2014 WL 2767359, *4 (W.D. Tex. June 17, 2014) ("The Court is aware of no authority holding fiduciaries are presumed to have acted prudently in disobeying

UHC'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, COMPULSORY JOINDER - 10
CASE NO. 2:15-cv-1105 MJP
115616.0043/6443634.4

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

the express commands of an ERISA plan."). This case proves the point. According to Carr, if UHC adheres to the Visit Limits Term, but a court later concludes that the term violates the MHPAEA, then UHC violated a fiduciary duty to the Plan's beneficiaries. Conversely, if UHC disobeys the Visit Limits Term, but a court later concludes that the term does not violate the MHPAEA, then UHC violated a fiduciary duty to the Plan sponsor, Kaiser Aluminum. Thankfully, "ERISA does not create such a trap," *Camara v. Dell Inc.*, 2014 WL 960897, *3 (W.D. Tex. Feb. 26, 2014), nor does it place a claims administrator like UHC "in the untenable position of having to predict the future ..." *Kirschbaum*, 526 F.3d at 256.

Administrators "do not breach their fiduciary duties under ERISA simply by presiding over a plan which fails in some respect to conform to one of ERISA's myriad provisions." *Cement & Concrete Workers Dist. Council Pension Fund v. Ulico Cas. Co.*, 387 F. Supp. 2d 175, 184 (E.D.N.Y. 2005), *aff'd*, 199 Fed. Appx. 29 (2d Cir. 2006). Rather, "it is clear that the inquiry into whether [an administrator] has breached a fiduciary duty must be squarely directed at determining whether any of the [administrator's] actions or omissions in managing or administering the plan breached an ERISA fiduciary duty, rather than on whether the terms of the plan ... violated ERISA in some respect." *Id.* at 184-85. "[T]he proper inquiry is not whether the plan violated ERISA, but ... whether the [administrator], while acting in a fiduciary capacity, violated any of ERISA's enumerated fiduciary duties." *Id.* In short, merely alleging that a plan term violates ERISA does not, in and of itself, state a claim for breach of fiduciary duty; there must also be separate factual allegations to show that the administrator breached a fiduciary duty by continuing to adhere to the allegedly invalid term.

Carr alleges the former, but not the latter. Compl., ¶ 11 ("By applying and enforcing the express treatment limits ... in violation of the Parity Act, UHC is ... breaching its ERISA obligations"). There is not a single factual allegation to show how or when UHC purportedly violated a fiduciary duty in ministerially processing claims under the Visit Limits Term. More specifically, Carr does not and cannot claim that UHC knew or had reason to know that the Term allegedly violated the MHPAEA or, as discussed below, that the Kaiser Plan was subject

UHC'S MOTION FOR JUDGMENT ON THE PLEADINGS OR,
ALTERNATIVELY, COMPULSORY JOINDER - 11
CASE NO. 2:15-cv-1105 MJP
115616.0043/6443634.4

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

1    to the MHPAEA at all.   Absent any such allegations, the Complaint does not clear the

2    *Twombly/Iqbal* plausibility hurdle.   *Camara*, 2014 WL 960897, at *3 (decision to follow plan

3    terms, "absent additional factual allegations regarding Defendants' knowledge … fails to

4    establish more than a 'sheer possibility' Defendants violated" ERISA) (*quoting Iqbal*).

5    To be sure, Carr cannot claim that UHC should have known based on the plain language

6    of Visit Limits Term itself.   The MHPAEA's rules are complex and, for all the reasons stated,

7    Kaiser Aluminum, not UHC, is best situated to defend its decision to define the Kaiser Plan's

8    benefits as it did.   But even if Carr's allegation of literal non-compliance is true, Carr ignores

9    the threshold issue (and elephant in the room) of whether the MHPAEA applies to the Plan at

10   all.   The Kaiser Plan was designed and is maintained pursuant to Kaiser Aluminum's CBA with

11   the Union.   Sabo Decl., Ex. 1 (2010 CBA), pp. 91-92 & Ex. 2 (Union Plan Document), p. 1.

12   Critically, Congress delayed implementation of the MHPAEA for certain union plans:

13       (2)  SPECIAL RULE FOR COLLECTIVE BARGAINING AGREEMENTS.
14       — In the case of a group health plan maintained pursuant to one or more
         collective bargaining agreements between employee representatives and one
15       or more employers ratified before the date of the enactment of this Act, the
         amendments made by this section shall not apply to plan years beginning
         before the later of—
16
17           (A) the date on which the last of the collective bargaining agreements
         relating to the plan terminates (determined without regard to any extension
         thereof agreed to after the date of the enactment of this Act), or
18
19           (B) January 1, 2009.

20   EMERGENCY ECONOMIC STABILIZATION—ENERGY IMPROVEMENT AND EXTENSION—

21   TAX EXTENDERS AND ALTERNATIVE MINIMUM TAX RELIEF, P.L. 110–343, 122 Stat.

22   3765 (Oct. 3, 2008).[7]   Depending upon when the CBA underlying the Kaiser Plan was ratified,

23   the Plan may be immune from the MHPAEA's parity requirements until the CBA terminates.

24   *Id.*   Kaiser Aluminum, not UHC, would know whether the Kaiser Plan falls within this safe-

25   harbor.   Either way, in the absence any additional allegations, Carr cannot rely on the literal

26

27       [7] The 2009 date was amended to January 1, 2010.   *See* TECHNICAL CORRECTION IN
     MENTAL HEALTH PARITY EFFECTIVE DATE, P.L. 110–460, 122 Stat. 5123 (Dec. 23, 2008).

UHC'S MOTION FOR JUDGMENT ON THE PLEADINGS OR,
ALTERNATIVELY, COMPULSORY JOINDER - 12
CASE NO. 2:15-cv-1105 MJP
115616.0043/6443634.4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

terms of the Plan to create an inference of knowledge; Kaiser Aluminum was responsible for plan design, and UHC was entitled to follow that design when performing ministerial functions.

### V.   KAISER ALUMINUM IS A NECESSARY PARTY

This Court should dismiss Carr's claims against UHC because, even if the Visit Limits Term in the Kaiser Plan violates the MHPAEA, there is no cognizable claim against UHC. But in the event this Court were to deny UHC's motion to dismiss or grant Carr leave to amend, then the Court also must order Carr to join Kaiser Aluminum to the action as a required party-defendant under Rule 19(a). Joinder of a "necessary" party under Rule 19(a) is compulsory. *See* Fed. R. Civ. P. 19(a)(2) ("If a [necessary party] has not been joined as required, the court must order that the person be made a party.").[8] The fact that, "a plaintiff may assert an ERISA claim against parties other than the plan or the plan administrator in no way precludes a finding that a plan or a plan administrator is a necessary party to an ERISA claim under Rule 19(a)." *Cuevas v. Joint Benefit Trust*, 2013 WL 3578496, *3 (N.D. Cal. July 12, 2013).

A party may be "necessary" under Rule 19(a) in either of two ways. *Disabled Rights Action Committee v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004). First, "a party is deemed 'necessary' if complete relief cannot be granted in its absence." *Id.* "In conducting the Rule 19(a)(1) analysis, the court asks whether the absence of the party would preclude the district court from fashioning meaningful relief as between the parties." *Id.* Second, a party is "necessary" pursuant to Rule 19(a)(2) if the district court determines that "the absent party's participation is necessary to protect its legally cognizable interests or to protect other parties from a substantial risk of incurring multiple or inconsistent obligations because of those interests." *Id.* at 880; Fed. R. Civ. P. 19(a)(1), (2)(i) & (ii); *see also Yellowstone County v.*

---

[8] If an absent party is "necessary" under Rule 19(a), a defendant may move to dismiss the plaintiff's claims under Rule 12(b)(7) if the party is "indispensable"—that is, joinder is not feasible (*e.g.*, improper venue, the court lacks personal jurisdiction over the party or joinder would destroy its subject matter jurisdiction) and the action cannot proceed "in equity and good conscience" without the absent party. Fed. R. Civ. P. 19(b); *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999). To the extent this Court finds that joinder of Kaiser Aluminum is not "feasible," UHC reserves the right to seek dismissal under Rule 19(b).

UHC'S MOTION FOR JUDGMENT ON THE PLEADINGS OR,
ALTERNATIVELY, COMPULSORY JOINDER - 13
CASE NO. 2:15-cv-1105 MJP
115616.0043/6443634.4

**LANE POWELL** pc
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

1   *Pease*, 96 F.3d 1169, 1172 (9th Cir. 1996).  These two grounds must be analyzed separately,

2   and if either applies, the party is deemed "necessary." *Yellowstone*, 96 F.3d at 1172.

3   **A.    No Complete Relief Without Joinder Of Kaiser Aluminum.**

4          Carr and the putative class cannot obtain complete relief unless Kaiser Aluminum is

5   joined as a defendant.  *First*, to the extent Carr seeks damages in the form of payment of

6   benefits under ERISA § 502(a)(1)(B), or disgorgement under ERISA § 502(a)(3), *see* Compl.,

7   ¶¶ 35, 39 & 40(e), only Kaiser Aluminum could provide such relief.  The Kaiser Plan is self-

8   funded, and Kaiser Aluminum, as plan sponsor and administrator, is exclusively responsible for

9   paying plan benefits.  Sabo Decl., Ex. 2 (Union Plan Document), p. 102 ("Benefit payments are

10  made by United Health Care from Kaiser Aluminum Fabricated Products funds."); Ex. 3

11  (SPD), p. 2 ("Kaiser Aluminum Fabricated Products LLC is solely responsible for paying

12  Benefits described in this SPD.").  Thus, only Kaiser Aluminum could pay an award predicated

13  on the alleged improper denial or withholding of benefits.  *Cuevas*, at *2-3 (self-funded plan

14  was necessary party because only it "can reinstate Plaintiffs' enrollment and benefits … if they

15  prevail"); *Sypher v. Aetna Ins. Co.*, 2014 WL 1230028, *5 (E.D. Mich. Mar. 25, 2014)

16  ("Because Plaintiff seeks benefits, and because those benefits would be paid by Federal

17  Express, … the Court cannot grant complete relief in the absence of Federal Express").  The

18  Court could not order UHC to pay benefits it does not owe or disgorge funds it does not retain.

19         *Second*, for similar reasons, the Court could not grant Carr's request for declaratory

20  relief under ERISA § 502(a)(1)(B), or reformation under ERISA § 502(a)(3), *see* Compl.,

21  ¶¶ 36, 38, unless Kaiser Aluminum is joined as a defendant.  Here, too, only Kaiser Aluminum,

22  as plan sponsor and administrator, has authority to modify the Kaiser Plan.  Sabo Decl., ¶ 11.

23  If the Visit Limits Term violates the MHPAEA, only Kaiser Aluminum can prospectively

24  eliminate the term or otherwise change the Kaiser Plan to comply with the parity law.  UHC

25  has no such authority.  *Id.*  While UHC would be bound by a declaratory or injunctive order

26  vis-à-vis its administration of the Kaiser Plan, no such order would bind a non-party.  Kaiser

27  Aluminum could simply replace UHC as claims administrator and continue applying the Visit

UHC'S MOTION FOR JUDGMENT ON THE PLEADINGS OR,
ALTERNATIVELY, COMPULSORY JOINDER - 14
CASE NO. 2:15-cv-1105 MJP
115616.0043/6443634.4

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Limits Term going forward. *Cf. Dawavendewa v. Salt River Project Agric. Improv. & Power Dist.*, 276 F.3d 1150, 1155-58 (9th Cir. 2002) (injunction against defendant-lessee would not prevent tribe from enforcing invalid lease term against new lessee).

If anything, Kaiser Aluminum is the only true *necessary* defendant in this action. If Carr prevails, the compensatory relief she seeks would be paid by Kaiser Aluminum and, likewise, if Carr obtains prospective declaratory, injunctive or equitable relief concerning the Kaiser Plan, UHC would be contractually and legally bound to follow those reformed terms— even if it were not subject to the Court's order itself. *Cf. New York State Psychiatric Ass'n, Inc. v. UnitedHealth Group*, 980 F. Supp. 2d 527, 541 (S.D.N.Y. 2013), *aff'd in part and vacated in part*, 798 F.3d 125 (2nd Cir. 2015) ("There is no need to obtain direct equitable relief against United, because any injunction against the Plan or the Plan Administrator will necessarily bind United, which acts as the agent for the Plans in its alleged capacity as a claims administrator."). Carr's conspicuous decision not to join Kaiser Aluminum as a defendant, and her refusal to acknowledge the unique aspects of the Kaiser Plan and its defenses to this action (see below) betrays her attorneys' true motivation: to eliminate perceived obstacles to certification of a nationwide class of individuals with no relationship to the Kaiser Plan whatsoever.

**B.      Kaiser Aluminum's Joinder Is Necessary To Protect Its And UHC's Interests.**

Kaiser Aluminum has a unique defense to Carr's claims. As explained above, to avoid immediate disruption of collectively bargained contractual rights, Congress delayed the effective date of the MHPAEA for certain group health plans maintained pursuant to a CBA. P.L. 110–343, 122 Stat. 3765 (Oct. 3, 2008); P.L. 110–460, 122 Stat. 5123 (Dec. 23, 2008). Health plans falling within this provision are not subject to the MHPAEA until the existing CBA terminates. *Id.* The Kaiser Plan is maintained pursuant to a CBA, and Kaiser Aluminum has administered the Plan and designed its benefits to be exempt from the MHPAEA under this safe-harbor provision until the start of the plan year following the termination of the current CBA, which was January 1, 2016. Sabo Decl., ¶¶ 4, 11-13, 22-25. Indeed, in response to Carr's complaints to the DOL, Kaiser Aluminum communicated with the DOL regarding the

UHC'S MOTION FOR JUDGMENT ON THE PLEADINGS OR,
ALTERNATIVELY, COMPULSORY JOINDER - 15
CASE NO. 2:15-cv-1105 MJP
115616.0043/6443634.4

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

1   applicability of the MHPAEA to the collectively bargained Kaiser Plan, and was specifically

2   informed that the Plan was currently exempt from the parity law. *Id.*, ¶¶ 17-21.  Of course, if

3   the safe-harbor applies, Carr's allegations fail as a matter of law.

4       Kaiser Aluminum is the party with standing to assert this defense, and it would

5   prejudice UHC if it is forced to defend the Visit Limits Term in Kaiser Aluminum's absence.

6   Kaiser Aluminum was the party who negotiated and signed the CBA that triggers the

7   MHPAEA's safe-harbor.  Kaiser Aluminum was the party who invoked the CBA safe-harbor

8   when designing the Kaiser Plan's benefits and its Visit Limits Term.  Kaiser Aluminum was the

9   party who instructed and authorized UHC to administer claims pursuant to the Plan's terms.

10  And Kaiser Aluminum was the party who confirmed the applicability of the CBA safe-harbor

11  with the DOL.  UHC should not have to rely on non-party discovery, exceptions to the hearsay

12  rule and second-hand testimony to advance a potentially dispositive defense—especially where,

13  as here, Carr's allegations focus exclusively on Kaiser Aluminum's plan design.  Indeed, to the

14  extent Kaiser Aluminum's good faith reliance on the DOL's interpretation and opinion is a

15  defense to Carr's claim, only Kaiser Aluminum could assert such a defense.

16      Proceeding in Kaiser Aluminum's absence would not only prejudice UHC, but would

17  also prejudice Kaiser Aluminum—a concern that is exacerbated if Kaiser Aluminum does not

18  control its own CBA safe-harbor defense.  Specifically, if the Visit Limits Term is found to

19  violate the MHPAEA, and UHC ordered to re-process claims without regard to the Visit Limits

20  Term, then Kaiser Aluminum—as sponsor and administrator of the self-funded Kaiser Plan—

21  would be liable for the payment of previously denied claims.  Kaiser Aluminum's design and

22  administration of the Kaiser Plan's benefits also would be constrained by any declaratory,

23  injunctive or equitable order entered against UHC so long as UHC remains the Plan's claims

24  administrator.  Finally, because Kaiser Aluminum would not be directly bound by a judgment

25  against UHC, there is the possibility that another court (in an action against Kaiser Aluminum

26  directly or a different claims administrator) could reach an inconsistent result—perhaps even a

27  contrary ruling on Kaiser Aluminum's reliance on the MHPAEA's CBA safe-harbor provision.

UHC'S MOTION FOR JUDGMENT ON THE PLEADINGS OR,
ALTERNATIVELY, COMPULSORY JOINDER - 16
CASE NO. 2:15-cv-1105 MJP
115616.0043/6443634.4

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Kaiser Aluminum must be joined as a party so that it can best represent its own interests.

## VI.   CONCLUSION

As a claims administrator, UHC is a proper defendant under ERISA only if it exercised discretion when processing Carr's claim for benefits—which it didn't.  UHC's administrative denial of Carr's claims was a purely ministerial function because it was dictated by the clear and express terms of the Kaiser Plan.  By the same token, UHC owes no fiduciary duties to Carr with respect to plan design, for which Kaiser Aluminum was solely responsible, nor did UHC have a duty to ignore the terms of the plan absent knowledge that those terms violated the law—which it didn't.  On the contrary, consistent with the DOL's opinion, Kaiser Aluminum designed and administered the Kaiser Plan as exempt from the MHPAEA.  The flaws in Carr's theory cannot be cured by more specificity or detail.  UHC therefore respectfully requests that her claims be dismissed with prejudice.  In the alternative, UHC asks this Court to order the compulsory joinder of Kaiser Aluminum as a necessary party-defendant.

DATED:  January 14, 2016

LANE POWELL PC


By  s/Barbara J. Duffy
    Barbara J. Duffy, WSBA No. 18885
    Email: duffyb@lanepowell.com
    s/Ryan P. McBride
    Ryan P. McBride, WSBA No. 33280
    Email: mcbrider@lanepowell.com
    s/Ruth Lee Johnson
    Ruth Lee Johnson, WSBA No. 47338
    Email: johnsonr@lanepowell.com
    1420 Fifth Avenue, Suite 4200
    P O Box 91302
    Seattle, WA  98111
    Telephone: 206-223-7000
    Facsimile:  206-223-7107
    Attorneys for Defendant UnitedHealthCare
    Services, Inc.

UHC'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, COMPULSORY JOINDER - 17
CASE NO. 2:15-cv-1105 MJP
115616.0043/6443634.4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

1

## CERTIFICATE OF SERVICE

Pursuant to RCW 9.A.72.085, the undersigned certifies under penalty of perjury under the laws of the State of Washington and the United States, that on January 14, 2016 the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system.  In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following:

Daniel F. Johnson
Breskin Johnson & Townsend PLLC
1000 Second Ave Suite 3670
Seattle, WA 98104
Email: djohnson@bjtlegal.com

Eleanor Hamburger
Richard Spoonemore
Sirianni Youtz Spoonemore Hamburger
999 Third Ave, Suite 3650
Seattle, WA 98104
Email: ele@sylaw.com
          rick@sylaw.com

DATED this 14th day of January, 2016, at Seattle, Washington.

*Janet Wiley*

Janet Wiley, Legal Assistant

UHC'S MOTION FOR JUDGMENT ON THE PLEADINGS OR,
ALTERNATIVELY, COMPULSORY JOINDER - 18
CASE NO. 2:15-cv-1105 MJP
115616.0043/6443634.4

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107