UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEXANDRA CARR,

Plaintiff,

v.

UNITED HEALTHCARE SERVICES INC,

Defendant.

CASE NO. C15-1105-MJP

ORDER ON UNITED HEALTHCARE SERVICES, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS

The above-entitled Court, having received and reviewed

1. United Healthcare Services, Inc.'s Motion For Judgment On The Pleadings Or, In The Alternative, To Compel Joinder Of A Necessary Party (Dkt. No. 24);
2. Plaintiff's Opposition to United Healthcare Services, Inc.'s Motion For Judgment On The Pleadings Or To Compel Joinder (Dkt. No. 29);
3. United Healthcare Services, Inc.'s Reply in Support of United Healthcare Services, Inc.'s Motion For Judgment On The Pleadings Or, In The Alternative, To Compel Joinder Of A Necessary Party (Dkt. No. 35);

all attached declarations and exhibits and all relevant portions of the record, rules as follows:

IT IS ORDERED that the motion for judgment on the pleadings is DENIED.

IT IS FURTHER ORDERED that the motion to compel joinder of a necessary party is DENIED.

**Background**

Plaintiff is a beneficiary of the Kaiser Aluminum ("KA") Fabricated Products LLC Medical Choice Plus Hourly Active Union Plan ("the Plan"), an "employee welfare benefit plan" under ERISA § 1002(1), 29 U.S.C. § 1002(1). Defendant United Healthcare Services, Inc. ("UHC") is the claims administrator; Plaintiff alleges that "UHC exercises discretionary authority and control with respect to the administration of the Kaiser Plan, including making benefit determinations and reviewing and finally deciding appeals of denied claims." Dkt. No. 1, Complaint, ¶ 3.

The Plan provides the following limitations on outpatient mental health services: up to 20 visits are reimbursed at 100% coverage, the next 20 visits are covered at 50%, and no coverage is provided after 40 visits. The Complaint alleges that the Plan "provides 100% coverage with no treatment limitations for substantially all medical and surgical services covered under the plan, and provides 100% coverage after a co-pay of $15 with no treatment limitations for a small portion of medical and surgical services covered under the plan." Id. at ¶ 10.

In October 2008, Congress passed the Mental Health Parity and Addiction Equity Act ("MHPAEA"), 29 U.S.C. § 1185a; it became effective October 2009. Basically, the act requires that, if a health care plan covers mental health services, it must cover them "at parity" with medical/surgical benefits; i.e., there must no limitations on mental health services not also applied to medical/surgical services.

Plaintiff alleges that the Plan violates the MHPAEA, and that Defendant breached its fiduciary duty by enforcing it.  She seeks to certify a class of other individuals enrolled in large, self-funded plans administered by UHC and requests, on behalf of the class:

1. An order declaring that visit limits on mental health services are void and unenforceable;

2. UHC be permanently enjoined from including similar plan provisions in the future or from applying such terms if they appear in other plans;

3. An order requiring UHC to provide "accurate information concerning mental health coverage in all class members' plans;"

4. "[E]quitable damages related to Defendant's breaches of fiduciary duty; e.g., unjust enrichment, disgorgement, restitution and surcharge."

Id. at ¶¶ 12, 40.

**Discussion/Analysis**

*Motions to strike/disregard*

The Court turns first to motions to strike or disregard certain evidence brought by both sides.

Plaintiff moves to strike portions of the Declaration of Jayne Sabo (Dkt. No. 25) and an accompanying exhibit at Dkt. No. 25-8, Exhibit 5.  The objectionable material concerns an email received from a Department of Labor ("DOL") employee containing her opinion that the Plan did not violate the MHPAEA.  The objection is brought on hearsay grounds and UHC's defense is a classic "exception to the hearsay rule" rejoinder (that the material at issue is not offered for the truth of the matter asserted).

Both the objection and response miss the point.  This is an FRCP 12(c) motion for judgment on the pleadings; the standard of review (and the admissibility of extrinsic evidence) is identical to a 12(b)(6) motion.  In terms of extrinsic evidence, the Court can consider documents physically attached to the complaint (Harris v. Amgen, Inc., 788 F.3d 916, 934 (9th Cir. 2015))

and documents referenced in the complaint but not attached (Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152, 1159-60 (9th Cir. 2012)). The e-mail propounded by Defendant satisfies neither of those criteria and whether or not it is hearsay is irrelevant. It is simply inappropriate and inadmissible in a 12(c) motion and the Court will not consider it.

In her response to Defendant's motion, Plaintiff

1. Refers to the Administrative Services Agreement ("ASA") between Kaiser Aluminum and UHC as part of her proof regarding the fiduciary nature of Defendant's responsibilities and also

2. Submitted an email chain between UHC and Kaiser Aluminum to establish that UHC and Kaiser Aluminum were both aware that the Plan violated the MHPAEA.

Defendant does not actually move to strike the evidence, but does assert that "this Court may only consider the pleadings and incorporated documents in deciding UHC's motion for judgment on the pleadings." Dkt. No. 35, Reply at 2.

Plaintiff asserts in her response that the ASA is "incorporated in the Complaint's reference to the Plan documents." The ASA, however, is not part of the Plan. Dkt. No. 25, ¶ 10. Concerning the email communications between Kaiser Aluminum and UHC, Plaintiff acknowledges in a footnote that "[t]he internal correspondence is not expressly referenced in the complaint," then goes on to say that they are admissible in this proceeding "because they are consistent with the allegations in her complaint and directly refute Defendant's assertions." Response at 15, n.9.

Plaintiff cites a string of Seventh Circuit cases which stand for the proposition that a plaintiff "may point to… facts consistent with the existing language of the complaint showing… an entitlement" to prevail against a motion to dismiss. American Inter-Fidelity Exch. v. American Re-Insurance Co., 17 F.3d 1018, 1022, (7th Cir. 1994). Many of the cases concern *appeals* from motions to dismiss (and material submitted to the appellate court), but the principle

has also been applied to responses to motions to dismiss (Jandek v. AT&T Corp. 1995 U.S. Dist. LEXIS 11415, *2 (N.D.Ill. 1995)), and the logic certainly applies at both the trial court and appellate level.

In the final analysis, though, (1) the "scienter" element Plaintiff is establishing through this proof is nowhere alleged in her complaint and (2) based on the Court's finding *infra* that her allegations are sufficient to sustain the complaint's validity, she does not need this additional proof to defeat Defendant's motion. The Court did not take this evidence into account in reaching its decision.

*Motion to dismiss*

In attempting to demonstrate the inadequacy of Plaintiff's complaint, Defendant makes several assertions intended to establish that it had no hand in the design of the Plan, no discretion in administering the Plan, no duty to ignore the Plan if it conflicted with federal law, and no idea that the Plan did violate the MHPAEA (in fact, it presents evidence that the opposite was true; *see* discussion re: DOL emails *supra*). UHC argues that, in the face of those facts, it breached no fiduciary duty because under the law it had no fiduciary duty.

The problem with Defendant's motion is that it relies on factual allegations that controvert Plaintiff's allegations; i.e., that it had no hand in drafting the Plan, that it had no discretion in administering the Plan, that the Plan was not in violation of the MHPAEA. Just as would be true with a 12(b)(6) motion, a 12(c) motion to dismiss is not the vehicle by which to raise factual allegations to defeat a claim. Unless Plaintiff's allegations are contradicted by materials which she submitted or referred to in her complaint, the Court must "accept as true all of the allegations set out in [her] complaint, draw inferences from those allegations in the light most favorable to [her], and construe the complaint liberally." Rescuecom Corp. v. Google Inc.,

562 F.3d 123, 127 (2nd Cir. 2009); Mediacom Southeast LLC v. BellSouth Telecommunications, Inc., 672 F.3d 396, 400 (6th Cir. 2012).

The factual allegations in Plaintiff's complaint are adequate to support her cause of action and more than sufficiently "plausible" to satisfy Iqbal/Twombly. The complaint alleges that "UHC is the claims administrator for the Kaiser Plan [which] has delegated all coverage decisions to UHC" and that "UHC exercises discretionary authority and control with respect to the administration of the Kaiser Plan, including making benefit determinations and reviewing and finally deciding appeals of denied claims." Complaint, *supra*, ¶ 3.

Defendant argues that it does not have discretionary authority, but that is a factual determination based on the evidence produced regarding not only the language of the plan, but the contractual agreement between UHC and Kaiser Aluminum (evidence which, while not properly admissible at this stage, will undoubtedly be produced during this litigation) and the policies and practices of Kaiser Aluminum and the claims administrator. Defendant's argument it was operating under the legitimate belief that the Plan didn't violate the MHPAEA is factual (based as it is on a series of emails from the DOL).

The Court does not find adequate grounds to support an FRCP 12(c) motion and Defendant's motion will be denied on that basis.

*Compel joinder of Kaiser Aluminum*

Under FRCP 19(a), joinder of "necessary" party is compulsory. A party is deemed "'necessary' if (1) complete relief cannot be granted in its absence" or (2) "the absent party's participation is necessary to protect its legally cognizable interests or to protect other parties from a substantial risk of incurring multiple or inconsistent obligations because of those

interests." Disabled Rights Action Committee v. Las Vegas Events, Inc., 375 F.3d 861, 879-880 (9th Cir. 2004).

The Court does not find that Defendant has satisfied its burden of proof in this regard. Its argument that Kaiser Aluminum is in a better position to mount the defense it was acting on representations from the DOL that the Plan did not violate the MHPAEA is not persuasive. UHC is in as good a position as Kaiser to assemble the evidentiary proof of that contention.

Plaintiff has not named Kaiser Aluminum in the complaint and has crafted her relief request such that she may obtain the relief she requests without Kaiser Aluminum as a party. If, as UHC alleges, Kaiser Aluminum has agreed to indemnify it against any judgment, Kaiser Aluminum may wish to move to intervene (or Defendant may choose to interplead the company), but Plaintiff will not be required to join them as a party.

Defendant's motion for judgment on the pleadings or, alternatively, for an order compelling Plaintiff to join Kaiser Aluminum as a necessary party will be DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 31st day of May, 2016.

Marsha J. Pechman
United States District Judge